# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| AMERICA'S BEST CARE PLUS, INC., } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 4:06-CV-01075-RDP |
| } | |
| COMPUTERS UNLIMITED, } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

Presently before the court is the Motion to Dismiss (Doc. #3) filed by Defendant Computers Unlimited on June 9, 2006. The issues raised therein have been fully briefed by the parties and are now ripe for decision. Upon due consideration, the motion to dismiss is due to be denied.

**A.     The Complaint is Not Due to be Dismissed for Failure to State a Claim upon Which Relief May be Granted**

Defendant has challenged the sufficiency of the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. The standard the court must apply is a familiar one: a court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or

of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)).  Further, "[a] complaint may not be dismissed because the Plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original) (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)).  In this circuit, "[t]he threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . 'exceedingly low.'" *Ancata v. Prison Health Serv., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (quoting *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev.*, 711 F.2d 989, 995 (11th Cir. 1983)).

When this demanding standard is applied here, it is clear that Defendant's motion to dismiss for failure to state a claim upon which relief may be granted is due to be denied.[1]

**B.    Defendant is Not Entitled to Rule 9(b) Relief in this Case**

Defendant's motion could be construed to also challenge the sufficiency of the Complaint under Federal Rule of Civil Procedure 9(b), which provides for dismissal of a complaint for failure to state the circumstances of fraud with particularity.  In order to satisfy the pleading requirements of Rule 9(b), "[t]he Plaintiff's complaint must allege the details of the Defendant's allegedly fraudulent acts, when they occurred, and who engaged in them." *Cooper v. Blue Cross Blue Shield*

---

[1]Although the court cannot conceive that there is "no set of facts in support of Plaintiff's claims which would entitle it to relief," Plaintiff should be aware that it may be fighting an uphill battle as to its breach of contract claim in light of Alabama Code § 7-2-207.  The court believes, however, that this issue will be more appropriately addressed on a summary judgment motion, not on the pleadings.

*of Florida*, Inc., 19 F.3d 562, 568 (11th Cir. 1994).  As the Eleventh Circuit has stated:

> Rule 9(b) is satisfied if the complaint sets forth '(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.'

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).  Our court of appeals has also noted that, "Rule 9(b) must not be read to abrogate Rule 8, however, and a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of Rule 9(b) with the broader policy of notice pleading." *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985).  The court particularly noted that dismissal for failure to plead fraud with particularity is a "severe sanction." *Id*.

When these Rule 9 principles are applied here, the court finds Plaintiff has plead with sufficient particularity its allegations in the Complaint.  Accordingly, Defendant's Rule 9(b) motion is due to be denied and, to the extent Defendant's motion to dismiss could be construed as one for a more particular statement, it is due to be denied on those alternative grounds, also.

**DONE** and **ORDERED** this ____14th____ day of August, 2006.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE